IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK ALSTON,         : | |
|     Plaintiff,         : | |
|                           : | |
| v.                        : | CIVIL ACTION NO. 14-2691 |
|                           : | |
| WENEROWICZ, et al.,  : | |
|     Defendants     : | |

MEMORANDUM OPINION

**RUFE, J.**                                                                                       **March 26, 2015**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Malik Alston, a prisoner proceeding *pro se*, has filed suit against several staff members at the State Correctional Institute at Graterford ("SCI-Graterford"), where Plaintiff was incarcerated at all relevant times. Plaintiff alleges the following facts. On May 4, 2012, Defendant C.O. John Doe – whose identity remains unknown – gave orders to two inmates to attack Plaintiff inside his prison cell. As a result of the attack, Plaintiff suffered injuries to his left eye, face, back and legs. Following the incident, Plaintiff filed two grievances regarding the alleged attack.[1] Plaintiff alleges that Defendants Shaylor and Moore failed to properly investigate his grievances, improperly denied his grievances, and failed to follow the Department of Corrections ("DOC") procedure for processing inmate grievances.

Plaintiff claims that he suffered retaliation for filing grievances in three ways: (1) placement in administrative segregation; (2) denial of access to food and showers; and (3) transfer to the State Correctional Institution at Fayette ("SCI-Fayette"). While in administrative segregation, Plaintiff suffered head and eye trauma. Defendant Nurse Edwards allegedly knew

---

[1] Although Plaintiff has not plead any additional grievances, Defendants have not clearly raised failure to exhaust administrative remedies as an affirmative defense.

about Plaintiff's head an eye trauma, but "ignored the seriousness" of Plaintiff's injuries.[3] Plaintiff also alleges that following the filing of Plaintiff's grievances, Defendants Wenerowicz, Ondrejka, Edwards, Shaylor, and Moore conspired to cover-up Defendant C.O. John Doe's actions. DefendantsWenerowicz, Ondrejka, Edwards, Shaylor and Moore have moved to dismiss all claims against themselves in the complaint, but no motion to dismiss has been made with regard to any claim against C.O. John Doe..

## II.   STANDARD OF REVIEW

In order to survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Additionally, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] A plaintiff who survives a motion to dismiss for failure to state a claim on which relief may be granted states facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[6]

A pro se complaint is to be liberally construed; "however inartfully pleaded," a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."[7] In particular, the Court "may apply the relevant legal principle even when the complaint has failed to name it."[8]

Although Plaintiff has not responded to Defendants' motions, the Court nevertheless considers the substance of Plaintiff's claims.[9]

---

[3] Doc. No. 3 at 11.
[4] Fed. R. Civ. P. 8(a)(2).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).
[7] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted).
[8] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013).
[9] *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

**III.    DISCUSSION**

The Court liberally construes the complaint as raising five claims: (1) the use of excessive force in violation of Plaintiff's Eighth Amendment rights by Defendant C.O. John Doe; (2) deliberate indifference to Plaintiff's serious medical needs in violation of Plaintiff's Eighth Amendment rights by Defendant Nurse Edwards; (3) improper processing of Plaintiff's grievances in violation of Plaintiff's Fourteenth Amendment right to due process of law by Defendants Shaylor and Moore; (4) retaliation in violation of Plaintiff's First Amendment rights by all Defendants; and (5) conspiracy to cover up Defendant C.O. John Doe's use of excessive force in violation of Plaintiff's Fourteenth Amendment right to due process of law by all Defendants.

In order to state a § 1983 claim, plaintiffs must allege that each defendant had "personal involvement in the alleged wrongs."[10] Personal involvement can be shown through allegations that a defendant (1) directly participated in the wrong; or (2) knew about the wrong and acquiesced in it.[11] Theories of vicarious liability, such as *respondeat superior*, are insufficient to establish personal involvement.[12]

### 1.  *Excessive Force Claim Against Defendant C.O. John Doe*

Defendants have not moved to dismiss the excessive force claim against C.O. John Doe and the allegation that C.O. John Doe orchestrated a brutal attack on Plaintiff is sufficient to state an excessive force claim.[13] Thus, the excessive force claim will not be dismissed, but Plaintiff must promptly seek discovery to identify C.O. John Doe.

---

[10] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).
[11] *Id.*
[12] *Id.*
[13] Although Defendants make no motion with regard to the allegations against C.O. John Doe, Defendants note that the Court could exercise its discretion pursuant to 42 U.S.C. § 1997e to dismiss the claim against C.O. John Doe as frivolous. The Court will not dismiss a sufficiently plead claim on this basis.

### *2. Deliberate Indifference Claim Against Defendant Nurse Edwards*

A violation of the Eighth Amendment, actionable through a Section 1983 claim, occurs when a prison official acts with "deliberate indifference" to an inmate's "serious medical needs."[14] A serious medical need is "one that has been diagnosed by a physician as requiring immediate medical treatment or is one that is so obvious that even a lay person would clearly and easily recognize the necessity for a doctor's attention."[15] A prison official acts with deliberate indifference when that official has "an actual, subjective appreciation of an excessive risk to inmate health or safety" and "consciously disregards that risk."[16] Deliberate indifference may be evidenced by intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, or denial of reasonable requests for treatment that result in suffering or risk of injury.[17]

Although Plaintiff alleges that Defendant Nurse Edwards knew about Plaintiff's head and eye trauma and "ignored the seriousness" of that trauma, Plaintiff alleges no further facts regarding his injury or Defendant Nurse Edwards' actions. The Court will assume that the alleged head and eye trauma constitutes a serious medical need. The bare allegation that Defendant Nurse Edwards knew about Plaintiff's injuries, however, does not provide a sufficient basis to infer that Defendant Nurse Edwards had actual, subjective knowledge of Defendants' injuries and their seriousness. Plaintiff does not allege any other facts that would explain how Defendant Nurse Edwards knew about Plaintiff's injuries. Therefore the Court will dismiss the claim, but will grant Plaintiff leave to amend. In an amended complaint, Plaintiff may, if

---

[14] *Estelle,* 429 U.S. at 104.
[15] *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted).
[16] *Schieber v. City of Philadelphia*, 320 F.3d 409, 421 (3d Cir. 2003) (internal quotations omitted).
[17] *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

appropriate, plead additional facts to show Defendant Nurse Edwards' knowledge of both his injuries and their seriousness.

### 3. *Improper Grievance Processing Claims Against Defendants Shaylor and Moore*

Plaintiff alleges that Defendants Shaylor and Moore improperly processed his grievances in three ways: 1) failure to properly investigate Plaintiff's grievances; 2) improper denial Plaintiff's grievances; and 3) failure to follow the DOC procedure for processing inmate grievances. It is well-established that inmates do not have a due process right to a grievance procedure and therefore "any allegations of improprieties in the handling of [a] grievance do not state a cognizable claim under § 1983."[18] The mere allegation that an official was involved in processing a grievance for unconstitutional conduct, however improperly, is also insufficient as a matter of law, to hold that official liable for the underlying conduct under § 1983.[19] Plaintiff's allegations that Defendants Shaylor and Moore improperly processed his grievances are therefore inadequate to state a § 1983 claim as a matter of law.

### 4. *Retaliation Claim Against All Defendants*

Plaintiff fails to sufficiently allege that Defendants were personally involved in any retaliation against him. To prevail on a retaliation claim under Section 1983, a plaintiff must demonstrate "(1) that he was engaged in protected activity; (2) that he suffered an adverse action by government officials; and (3) that there is a causal link between the exercise of his constitutional rights and the adverse action taken against him."[20] The filing of a grievance may constitute conduct protected by the First Amendment.[21] However, Plaintiff does not allege who

---

[18] *Williams v. Armstrong*, 566 F. App'x 106, 109-10 (3d Cir. 2014).
[19] *Brooks v. Beard,* 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).
[20] *Glenn v. DelBalso,* 2014 WL 2720885 at *3 (M.D. Pa. June 13, 2014) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir.2001)) (internal quotations omitted).
[21] *Davis v. Superintendant Somerset SCI*, 2015 WL 75260 at *2 (3d Cir. Jan. 7, 2015).

placed him into administrative segregation and who deprived him of food and showers. Although Plaintiff alleges that Defendant Ondrejka was "a part" of his transfer to SCI-Fayette, this conclusory allegation is insufficient to state a § 1983 claim.[22] Plaintiff's retaliation claim will therefore be dismissed without prejudice and Plaintiff may file an amended complaint as to this claim.

### 5. *Conspiracy Claim Against All Defendants*

Plaintiff also fails to sufficiently allege a conspiracy among the Defendants. In order to state a § 1983 conspiracy claim, "a plaintiff must assert facts from which a conspiratorial agreements can be inferred."[23] Plaintiff, however, alleges no specific facts to support an inference that Defendants made an express agreement or that Defendants acted in concert. Thus, Plaintiff's conspiracy claim will be dismissed without prejudice.[24]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's excessive force claim will not be dismissed, Plaintiff's improper grievance processing claim will be dismissed with prejudice, and Plaintiff's remaining claims will be dismissed without prejudice to Plaintiff's right to file an amended complaint.

An appropriate order follows.

---

[22] Doc. No. 3 at 11.
[23] *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010).
[24] Defendants raise qualified immunity as a defense to Plaintiff's improper grievance processing, retaliation and conspiracy claims. Def. Br. at 11-12. Because these claims will be dismissed on other grounds, the Court makes no ruling as to qualified immunity at this time.