# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIK ALSTON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 14-2691 |
| MR. WENEROWICZ, et al.,<br>    Defendants | :<br>:<br>: |

## MEMORANDUM OPINION

**Rufe, J.**                                                                             **March 7, 2016**

Plaintiff, a *pro se* prisoner currently incarcerated at State Correctional Institution (SCI) Fayette, has filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against Defendants Michael Wenerowicz, former Superintendent of SCI Graterford, and David Lentz, a correctional officer at SCI Graterford. Now before the Court are Defendants' Motions to Dismiss Plaintiff's Amended Complaint.[1]

## I.     PROCEDURAL HISTORY AND THE AMENDED COMPLAINT

Plaintiff filed an initial complaint against Superintendent Wenerowicz, a "John Doe" correctional officer, and various employees of SCI Graterford, including Nurse G. Edwards, Deputy of Security George Ondrejka, Chief Grievance Officer Keri Moore, and Wendy Shaylor. Defendants, with the exception of the John Doe defendant, filed a motion to dismiss Plaintiff's complaint, which the Court granted on March 26, 2015.[2] The Court dismissed with prejudice Plaintiff's improper grievance processing claim against defendants Moore and Shaylor, and dismissed without prejudice his deliberate indifference to a medical need claim against Nurse

---

[1] Although Plaintiff did not respond to the Motions, the Court will not grant the Motions as unopposed but instead rules on the merits.

[2] Memorandum Opinion, Doc. No. 11; Order, Doc. No. 12.

Edwards and his claims against all defendants for retaliation and conspiracy.[3] The Court also granted Plaintiff leave to file an amended complaint.[4]

On July 27, 2015, Plaintiff filed an Amended Complaint against Defendants Wenerowicz and Lentz (formerly the John Doe defendant). In Plaintiff's Amended Complaint, he alleges that while he was a prisoner at SCI Graterford, Defendant Lentz ordered two inmates to assault him. He alleges that on May 4, 2012, two inmates entered his "domicile" and assaulted him while another inmate guarded the door. As a result of the assault, Plaintiff alleges that he suffered damage to his left eye, back, legs and nose, as well as mental distress. Plaintiff seeks monetary damages, the reversal of a misconduct charge, and an order requiring him to be transferred back to SCI Graterford.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement"[5] lacks enough substance to show that she is entitled to relief.[6] In determining whether a motion to dismiss should be granted, the Court must consider only those facts alleged in the complaint, accepting all allegations as true and drawing all reasonable inferences in favor of the plaintiff.[7] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[8] Something more than a mere possibility of a claim must be alleged; a plaintiff must

---

[3] Memorandum Opinion, Doc. No. 11; Order, Doc. No. 12.

[4] *Id.*

[5] Fed. R. Civ. P. 8.

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[7] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[8] *Twombly*, 550 U.S. at 555, 564.

allege "enough facts to state a claim to relief that is *plausible* on its face."[9] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory,"[11] but a "formulaic recitation"[12] of the elements is insufficient. The Court has no duty to "conjure up unpleaded facts that might turn a frivolous … action into a substantial one."[13]

## II. DISCUSSION

### A. Defendant Wenerowicz's Motion to Dismiss

Defendant Wenerowicz argues that Plaintiff's Amended Complaint should be dismissed because he has failed to state a claim that Wenerowicz committed a constitutional violation. In *Iqbal*, the Supreme Court held that Government officials cannot be held vicariously liable for the unconstitutional conduct of their subordinates.[14] Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[15]

As Plaintiff's Amended Complaint does not make any factual allegations about Defendant Wenerowicz, the Court cannot reasonably infer that Wenerowicz, through his own individual actions, violated the Constitution. Even if, construing the Amended Complaint

---

[9] *Id.* at 570 (emphasis added); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Iqbal*, 556 U.S. at 663.

[11] *Twombly*, 550 U.S. at 562 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[12] *Id.* at 545, 555.

[13] *Id.* at 562 (quoting *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42-43 (6th Cir. 1988)).

[14] *Iqbal*, 556 U.S. at 676.

[15] *Id.*

3

liberally in light of Plaintiff's *pro se* status,[16] Plaintiff's allegations about filing and appealing a grievance could be construed as a claim that Wenerowicz wrongly denied his grievance, the allegations do not state a cognizable claim under § 1983.[17] Additionally, to the extent that Plaintiff's request for an order reversing his misconduct charge could be construed as a claim that the misconduct charge violated his Fourteenth Amendment right to due process, Plaintiff still fails to state a claim against Defendant Wenerowicz.[18] The Court cannot reasonably infer solely from Plaintiff's request for relief that Plaintiff was denied the right to a hearing or the opportunity to present a defense on his misconduct charge,[19] that there was no evidence to support the decision,[20] that the proceeding was initiated in retaliation for the exercise of a constitutional right,[21] or that his punishment infringed upon a liberty interest.[22] Plaintiff's claims against Defendant Wenerowicz will be dismissed with prejudice because Plaintiff's Amended

---

[16] *United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

[17] In ruling on the original defendants' motion to dismiss the initial complaint, the Court held that a claim for improper processing of grievances fails to state a cognizable claim under § 1983. Memorandum Opinion, Doc. No. 11 at 5. *See also Williams v. Armstrong*, 566 F. App'x 106, 109-10 (3d Cir. 2014) ("[A]ny allegations of improprieties in the handling of [a] grievance do not state a cognizable claim under § 1983."); *Brooks v. Beard,* 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).

[18] The Court notes that Defendant Wenerowicz has attached copies of a misconduct report against Plaintiff, a disciplinary hearing report, and a misconduct appeal. Ex. 3 to Def. Wenerowicz's Motion to Dismiss. As the Court does not and need not rely on these documents to resolve Wenerowicz's Motion, the Court will not determine whether it is permissible to consider them on a motion to dismiss.

[19] *Mimms v. U.N.I.C.O.R.*, 386 F. App'x 32, 36 (3d Cir. 2010) (dismissing due process claim where Plaintiff did not allege he was denied hearing or opportunity to present a defense).

[20] *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (holding that due process is satisfied if some evidence supports a prison disciplinary decision).

[21] *See e.g., Booth v. Pence*, 354 F. Supp. 2d 553, 560 (E.D. Pa.) *aff'd,* 141 F. App'x 66 (3d Cir. 2005).

[22] Plaintiff does not allege the type of punishment he received for his misconduct. To the extent that Plaintiff is alleging that he was transferred from SCI Graterford because of his misconduct, this is not a protectable liberty interest and thus does not state a claim for a violation of substantive due process for the infringement of a liberty interest. *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months disciplinary confinement does not violate a protected liberty interest and thus Plaintiff failed to establish that he was denied substantive due process; *Salley v. Wetzel*, No. 12-1515, 2013 WL 3157558, at *15 (M.D. Pa. June 20, 2013) ("[I]t is well-settled that Plaintiff has no constitutional right to confinement in any particular prison, facility or rehabilitative program.").

Complaint made no allegations against Defendant Wenerowicz and because Plaintiff has now twice failed to state a claim for relief against him.

### B. Defendant Lentz's Motion to Dismiss

Defendant Lentz argues that Plaintiff's claims against him should be dismissed because Plaintiff has failed to exhaust administrative remedies.[23] Plaintiff's Amended Complaint alleges that he exhausted his administrative remedies by filing grievance #417588 and that this grievance raised "all of the issues as described within [his] complaint.[24] Defendant Lentz, however, has attached grievance #417588 to his Motion and argues that the grievance makes clear that Plaintiff has failed to exhaust.

A plaintiff only fails to state a claim for relief for failure to exhaust when non-exhaustion is apparent from the face of the complaint.[25] While generally, on a motion to dismiss, courts may not consider evidence presented outside of the pleadings without converting the motion to a summary judgment motion,[26] courts may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the

---

[23] Defendant Lentz also argues that Plaintiff's Amended Complaint should be dismissed because it is barred by the statute of limitations. Plaintiff's Amended Complaint was filed after the two year statute of limitations for a § 1983 claim had expired. *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003). However, an amendment that changes the party or the name of the party may relate back to the date of the original pleading. Fed. R. Civ. P. 15. As Defendant's claim that Plaintiff has failed to exhaust is dispositive, the Court need not address this issue. The Court notes, however, that it would be premature at the motion to dismiss stage, before Plaintiff has had the opportunity to obtain discovery, to determine whether Defendant Lentz (1) received notice of the action with 120 days and (2) knew or should have known within 120 days that the action would have been brought against him, but for a mistake concerning his identity. *See e.g.*, *Garvin*, 354 F.3d at n.14 (denying the plaintiff's motion to amend her complaint because the plaintiff failed to present evidence that the defendants had constructive notice of the action, but noting that the plaintiff had the opportunity to take discovery on the issue).

[24] Pl's Amended Complaint, Doc. No. 17 at 4.

[25] *Jones v. Bock*, 549 U.S. 199, 216 (2007).

[26] Fed. R. Civ. P. 12(d); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

document."[27] Because prisoner grievances are authentic documents,[28] the Court can consider grievance #417588.

The grievance states that Plaintiff sent an authorization for release of medical information to the SCI Graterford Medical Department in June 2012 and was denied access to his medical records.[29] While the grievance refers to injuries that he suffered on May 4, 2012, the date of the alleged assault, it complains only about Plaintiff being denied medical records, and does not contain any allegations about Plaintiff being assaulted at the direction of a correctional officer.[30] Plaintiff has therefore failed to exhaust his administrative remedies.[31] As Plaintiff referred to this grievance in his initial complaint and Defendants' attached a copy of the grievance to their motion to dismiss the initial complaint, Plaintiff had an opportunity to set forth allegations or evidence that he exhausted his claims through a different grievance in his Amended Complaint.[32] As he instead refered to the same grievance, the Court will dismiss the claims against Defendant Lentz with prejudice.

---

[27] *Pension Ben. Guar. Corp.*, 998 F.2d at 1196.

[28] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

[29] Ex. 2 to Def. Lentz's Motion to Dismiss at 16-17, Doc. No. 22.

[30] *Id.*

[31] *See e.g.*, *Dade v. Gaudenzia DRC, Inc.*, No. 13-1381, 2014 WL 47766, at *5 (E.D. Pa. Jan. 7, 2014) (holding that Plaintiff failed to exhaust administrative remedies where his grievance did not complain about defendants' alleged failure to provide him with medication or mental health treatment, which was the basis for his lawsuit).

[32] Defendant attaches a declaration from a Pennsylvania Department of Corrections Grievance Officer which avers that Plaintiff filed three grievances between the date of the alleged assault and the date of his transfer to SCI Fayette, none of which complained about an alleged assault. Ex. 2 to Def. Lentz's Motion to Dismiss at 24. As discussed, the Court cannot consider declarations in ruling on a motion to dismiss. However, the Court notes that Plaintiff attached grievances to his motion for leave to file an amended complaint, none of which mention that the alleged assault was directed by a correctional officer.

## III. CONCLUSION

For the reasons provided, this Court will grant Defendants' Motions to Dismiss Plaintiff's Amended Complaint and dismiss Plaintiff's claims with prejudice. An appropriate Order will be entered